UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ARMANDO C. MENDOZA,

Petitioner,

v.

ROBERT LEGRAND, *et al.*,

Respondents.

Case No. 3:15-cv-00507-MMD-CBC

ORDER

**I.  SUMMARY**

Before the Court are the second amended petition for writ of habeas corpus (ECF No. 26), Respondents' motion to dismiss ("Motion") (ECF No. 36), Petitioner's opposition (ECF No. 39), and Respondents' reply (ECF No. 42). The Court grants the Motion in part because some grounds are not exhausted.

**II.  BACKGROUND**

Originally, Petitioner was charged in the state justice court with three counts of sexual assault against a child under fourteen years of age, four counts of lewdness with a child under the age of fourteen years, and one count of battery with intent to commit sexual assault, victim under 16 years of age. (Ex. 18 (ECF No. 27-1).) Petitioner waived a preliminary hearing and agreed to plead guilty to two counts of lewdness with a child under the age of fourteen years. (Ex. 19 (ECF No. 27-2); Ex. 22 (ECF No. 27-5).) The state district court entered its judgment of conviction on August 8, 2013. (Ex. 24 (ECF No. 27-7).) Petitioner did not appeal.

///

On January 10, 2014, Petitioner filed a *pro se* post-conviction habeas corpus petition in the state district court. (Ex. 2 (ECF No. 10-2).) The state district court appointed counsel to represent Petitioner. (Ex. 32 (ECF No. 27-17).) Counsel did not supplement the petition. (Ex. 35 (ECF No. 27-18).) The respondent filed a motion to dismiss. (Ex. 39 (ECF No. 27-22).) Petitioner filed an opposition. (Ex. 40 (ECF No. 27-23).) The state district court granted the motion and dismissed the petition. (Ex. 3 (ECF No. 10-3 at 6–10).) Petitioner appealed. The Nevada Court of Appeals affirmed on July 14, 2015. (Ex. 15 (ECF No. 10-15).) Remittitur issued on August 10, 2015. (Ex. 17 (ECF No. 10-17).)

On September 11, 2015, the prosecution filed in state district court a motion to correct an illegal sentence. (Ex. 43 (ECF No. 27-26).) Because Petitioner was convicted of sexual offenses, the state district court was required to impose a special sentence of lifetime supervision, to commence upon expiration of Petitioner's prison sentences. NRS §§ 176.0931, 179D.097. Petitioner acknowledged in the plea agreement that he would be subject to lifetime supervision. (Ex. 22, at 3–4 (ECF No. 27-5 at 4–5).) He confirmed it at the arraignment. (Ex. 21 at 4–5 (ECF No. 27-4, at 5–6).) The original judgment of conviction did not impose this sentence. (Ex. 24 (ECF No. 27-7).) Petitioner, still represented by state post-conviction counsel, did not oppose the prosecution's motion. (Ex. 44 (ECF No. 27-27).) On September 16, 2015, the state district court granted the motion and entered an amended judgment of conviction that imposed the correct sentences. (Ex. 45 (ECF No. 27-28); Ex. 46 (ECF No. 27-29).)

Petitioner mailed his *pro se* federal habeas corpus petition (ECF No. 6) to this Court on October 2, 2015. The Court appointed counsel, who filed a first amended petition (ECF No. 9) on April 22, 2016, to avoid the one-year period of limitation of 28 U.S.C. § 2244(d)(1). Petitioner simultaneously sought leave to file a second amended petition, and the Court granted the motion. Petitioner filed the second amended petition on January 31, 2017 (ECF No. 26).

///

///

## III. TIMELINESS

In this case, Petitioner had one year from the date his operative judgment of conviction became by the expiration of time to seek direct review to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A).[1] The judgment in question is the amended judgment entered on September 16, 2015. *See Smith v. Williams*, 871 F.3d 684 (9th Cir. 2017). The amended judgment became final thirty days after entry, when the time to appeal to the Nevada Supreme Court expired, on October 16, 2015. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). *See also* NRAP 4(b), 26(a). Petitioner's state post-conviction proceedings had concluded before that date, and thus tolling under 28 U.S.C. § 2244(d)(2) is inapplicable. The current federal habeas corpus petition has not tolled the one-year period. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001). Petitioner mailed his original, proper-person petition (ECF No. 6) to the court on October 2, 2015, before the one-year period started. Petitioner filed his counseled first amended petition (ECF No. 9) on April 22, 2016, within the one-year period. Petitioner filed his counseled second amended petition (ECF No. 26) on January 31, 2017, after the one-year period expired. Ground 2 of the second amended petition needs to relate back to either the original petition or the first amended petition to be timely.

Petitioner meets this requirement. Ground 2 of the second amended petition is largely identical to ground 2 of the first amended petition. They share a common core of operative fact, and thus ground 2 of the second amended petition relates back. *See Mayle v. Felix*, 545 U.S. 644 (2005).

## IV. EXHAUSTION

Respondents argue that grounds 1(D), 1(E), 2, and 3 of the second amended petition are not exhausted. (ECF No. 36.) Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present

///

---

[1]Other provisions of 28 U.S.C. § 2244(d)(1) are not applicable.

that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

Petitioner admits that ground 1(D) is not exhausted. He withdraws that ground.

Ground 1(E) is a claim that Petitioner entered a guilty plea only due to the ineffective assistance of trial counsel, who allowed Petitioner to plead guilty without ensuring that the plea was knowing, intelligent, and voluntary. Petitioner alleges in ground 1(E) that the ineffective assistance of counsel alleged in grounds 1(A), 1(B), and 1(C) led to him entering a guilty plea that was not knowing, voluntary, or intelligent.[2] Respondents argue that Petitioner never alleged in state court that the guilty plea was involuntary, unknowing, or unintelligent. However, the Nevada Court of Appeals identified that the governing federal law regarding Petitioner's claims is *Hill v. Lockhart*, 474 U.S. 52 (1985). (Ex. 15 at 1 (ECF No. 10-15 at 2).) In that case, the Supreme Court held:

> [T]he two-part *Strickland v. Washington* [, 466 U.S. 668 (1984),] test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson*, [411 U.S. 258 (1973)], and *McMann v. Richardson*, [397 U.S. 759 (1970)]. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill,* 474 U.S. at 58–59. When a person pleads guilty with the assistance of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Id.* at 56 (quoting *McMann*, 397 U.S. at 771). In *Tollett*, the Supreme Court held that when a person pleads guilty with the assistance of counsel, he "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the

///

---

[2]Petitioner originally incorporated ground 1(D) into ground 1(E), but he is abandoning ground 1(D).

4

standards set forth in *McMann*." *Tollet,* 411 U.S. at 267. Given these precedents, in Petitioner's claims such as grounds 1(A), 1(B), and 1(C), which all are claims of ineffective assistance of counsel, necessarily are claims that Petitioner's guilty plea was involuntary, unknowing, and unintelligent because of the ineffective assistance of counsel. The Nevada Court of Appeals recognized as much. Therefore, ground 1(E) is exhausted.

Ground 2 involves the arraignment. The state district court judge indicated that he anticipated a habeas corpus petition in asking Petitioner's trial counsel a series of questions. (Ex. 21 at 5–7 (ECF No. 27-4 at 6–8).) The judge asked trial counsel how many times counsel had seen Petitioner in jail. (*Id.*) He asked trial counsel whether Petitioner waived the preliminary hearing. (*Id.*) He asked trial counsel when counsel received discovery from the prosecution. (*Id.*) He asked trial counsel whether reasons existed to move to suppress Petitioner's statements to police. (*Id.*) He asked trial counsel whether Petitioner incriminated himself in those statements. (*Id.*) Counsel answered the questions. (*Id.*) Petitioner alleges in ground 2 that, by asking these questions, the trial court denied Petitioner the right to present evidence in support of his claims of ineffective assistance of counsel.

On appeal from the denial of the state habeas corpus petition, the Nevada Court of Appeals held:

> Finally, Mendoza argues the trial court erred by questioning counsel at the arraignment regarding counsel's representation of Mendoza. This claim was not based on an allegation that Mendoza's guilty plea was involuntarily or unknowingly entered or that his plea was entered without effective assistance of counsel. Therefore, this claim was not permissible in a post-conviction petition for a writ of habeas corpus stemming from a guilty plea. *See* NRS 34.810(1)(a). *Accordingly, the district court did not err in denying this claim*.

(Ex. 15 at 4 (ECF No. 10-15 at 5) (emphasis added).) The Court has reviewed the exhibits. To the best of its knowledge, the emphasized statement in the above quotation is inaccurate. Petitioner did not present any claim resembling ground 2 in his state post-conviction petition. When the state district court granted the motion to dismiss in those proceedings, its only mention of the arraignment was: "The transcript of [Petitioner's]

arraignment, when he pleaded guilty, demonstrates a knowing, intelligent and voluntary waiver of constitutional rights and voluntary entry of his pleas." (Ex. 3 (ECF No. 10-3 at 8).) Petitioner raised this claim for the first time in the appeal from the denial of that petition. (Ex. 10 at 5–6 (ECF No. 10-10 at 9–10).)

The court disagrees with Petitioner's argument that the Nevada Court of Appeals erred in applying NRS § 34.810(1)(a) to the claim in ground 2. As the Nevada Court of Appeals noted in its decision, because Petitioner pleaded guilty NRS § 34.810(1)(a) allows only claims that Petitioner's plea was involuntarily or unknowingly entered or that the plea was entered without effective assistance of counsel. Ground 2 is not a claim of ineffective assistance of counsel. Ground 2 is a claim that the state district court erred in conducting a colloquy with trial counsel.

Respondents argue that the application of NRS § 34.810(1)(a) means that ground 2 is not exhausted. "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). If the Nevada Court of Appeals had held that it would not consider the claim because Petitioner had not raised it in the state district court, *see Davis v. State*, 817 P.2d 1169, 1173 (Nev. 1991), then this court easily could conclude that Petitioner presented the claim in a procedural context in which the appellate court would not consider its merits. However, NRS § 34.810(1)(a), which the Nevada Court of Appeals actually used, bars Petitioner from raising the claim in any post-conviction proceeding. If the Court were to conclude that ground 2 is unexhausted because of NRS § 34.810(1)(a), then the Court would also need to conclude that no corrective process remains available in the state courts, because any attempt to exhaust ground 2 would lead to the same result. *See* 28 U.S.C. § 2254(b)(1)(B)(i). Ground 2 effectively is exhausted.

The Court also disagrees with Petitioner that Respondents have forfeited any argument that ground 2 is procedurally defaulted in this Court because of the application of NRS § 34.810(1)(a) in the state courts. The defense of procedural default is not waived

unless Respondents do not raise it in an answer to the amended petition; a motion to dismiss is not a "responsive pleading" within the meaning of the waiver rule. *Morrison v. Mahoney*, 399 F.3d 1042, 1045–47 (9th Cir. 2005).

In the alternative, Petitioner argues that procedurally defaulting ground 2 would be a fundamental miscarriage of justice. "A 'fundamental miscarriage of justice' occurs when 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)). Petitioner argues that the only time he could have raised the claim in ground 2 in state court was in post-conviction habeas corpus proceedings, because on direct appeal he would have been represented by the same attorney who had a conflict of interest. That is not an argument that Petitioner is actually innocent.

The arguments whether ground 2 is procedurally defaulted are incomplete. Respondents will need to answer ground 2. If they wish, they may argue that ground 2 is procedurally defaulted or is not addressable under *Tollett v. Henderson*, 411 U.S. 258.

Ground 3 is a claim that Petitioner did not enter a knowing, intelligent, and voluntary plea. Petitioner agrees with Respondents that this claim is not exhausted. Petitioner argues that the Court should consider the ground technically exhausted and procedurally defaulted because it would be procedurally barred if he returned to the state court.[3] The procedural bars in question, NRS §§ 34.726(1) and 34.810(2), can be excused upon a showing of cause and prejudice.[4] The state standards for showing cause and prejudice

///

---

[3]Petitioner says that he is in agreement with Respondents' statement "that any attempt to exhaust this claim 'would be subject to Nevada's procedural bars as untimely and successive.'" (ECF No. 39 at 11 (quoting Motion (ECF No. 36) at 9 n.2.) Petitioner ended the quotation of Respondents' footnote too quickly. Respondents went on to note that Nevada law allows Petitioner to overcome the procedural bars of NRS §§ 34.726(1) and 34.810(2) by either a showing of cause and prejudice or a showing of actual innocence. Respondents then explicitly made no statements regarding whether the Nevada courts would bar the claim as untimely or successive.

[4]In contrast, NRS § 34.810(1)(a), which the Nevada Court of Appeals used to bar the claim in ground 2, has no provision for cause and prejudice to excuse its application.

7

are nearly identical to the federal standards. *Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004).[5] If Petitioner has a viable argument for cause and prejudice, then ground 3 is not exhausted but he needs to present that argument to the state courts first. On the other hand, if Petitioner does not have any viable arguments for cause and prejudice, then ground 3 is technically exhausted but also subject to immediate dismissal because it is procedurally defaulted. Under these circumstances, ground 3 is not exhausted.

**V.  CONCLUSION**

The second amended petition (ECF No. 26) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 521–22 (1982); *Szeto v. Rushen*, 709 F.2d 1340, 1341 (9th Cir. 1983).

It therefore is ordered that Respondents' motion to dismiss (ECF No. 36) is granted in part and denied in part. It is granted with respect to grounds 1(D) and 3 and is denied in other respect. Ground 1(D) is dismissed. Ground 3 is unexhausted.

It further is ordered that Petitioner have thirty (30) days from the date of entry of this order to file a motion for dismissal without prejudice of the entire petition, for dismissal of ground 3, or for other appropriate relief. Within ten (10) days of filing such motion, Petitioner must file a signed declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested. Failure to comply with this order will result in the dismissal of this action.

///

///

---

[5]The exception would be for a procedurally defaulted claim of ineffective assistance of trial counsel. Ineffective assistance of counsel, or the absence of counsel, in the initial post-conviction proceedings can be cause and prejudice to excuse a federal procedural default. *Martinez v. Ryan*, 566 U.S. 1 (2012). The Nevada Supreme Court has not recognized cause under *Martinez* to excuse a state procedural bar. *Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014).

DATED THIS 6th day of September 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE